UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**HINESLEY FAMILY LIMITED
PARTNERSHIP NO. 1**,

Case No. **10-61822-11**

Debtor.

# MEMORANDUM of DECISION

At Butte in said District this 12th day of October, 2011.

In this Chapter 11 bankruptcy, after due notice, a hearing was held October 4 and 12, 2011, in Butte on: (1) confirmation of Debtor's Second Amended Chapter 11 Plan filed July 14, 2011, at docket entry no. 338; (2) Debtor's Motion for Order Pursuant to Bankruptcy Rule 9019 filed July 13, 2011, at docket entry no. 336; and (3) Charles W. Hinesley, Jr.'s Second Motion to Appoint Case Trustee filed August 2, 2011, at docket entry no. 352.  Also pending in this care are: (1) Debtor's Motion for Estimation of Claim of GCL Investments, LLC filed April 8, 2011, at docket entry no. 238; (2) Debtor's Estimation of Claim of West Jordan, LLC filed April 8, 2011, at docket entry no. 239; and (3) creditors West Jordan, LLC and GCL Investments, LLC's Motion to Convert to Chapter 7 filed April 12, 2011.  The Debtors were represented at the hearing by James A. Patten of Billings, Montana; Charles W. Hinesley, Jr. was represented by Jory C. Ruggiero of Bozeman, Montana; and West Jordan, LLC and GCL Investments, LLC were represented by Trent M. Gardner of Bozeman, Montana.  On October 4, 2011, Charles

1

Hinesley, Sr., Jim Runyan, Jack Thompson, Jeff Mortensen and Judith Hinesley testified, and

Debtor's Exhibits 22 and 23 and Charles Hinesley, Jr.'s Exhibits 3, 4, 5, 6, 9, 10, and 18 were

admitted into evidence.  No witness testimony was heard on October 12, 2011, but the Court

agreed to take judicial notice of a Notice of Violation and Administrative Compliance Order

issued by the State of Montana, Department of Environmental Quality on August 27, 2010.

## BACKGROUND

This case was commenced on July 27, 2010.  Following a hearing held May 18, 2011, the

Court took Debtor's motions for estimation of GCL Investments, LLC and West Jordan, LLC's

claims, along with West Jordan, LLC and GCL Investments, LLC's Motion to Convert to

Chapter 7 under advisement.  The testimony and exhibits from the May 18, 2011, hearing are

part of the record for this Order.  Subsequently, the Debtor, West Jordan, LLC, GCL

Investments, LLC, Larry Cramer and L.A.S.T., LLC entered into a Joint Motion for Stand Still

Agreement which was filed with the Court on May 27, 2011.  The Court granted the joint motion

on May 31, 2011, and later approved an amendment of the standstill agreement in June of 2011.

The standstill agreement was later followed by Debtor's Motion for Order Pursuant to

Bankruptcy Rule 9019 wherein the Debtor sought approval of an agreement between the Debtor

and West Jordan, LLC and Debtor and GCL Investments, LLC, L.A.S.T., LLC and Larry Cramer.

Debtor filed its Second Amended Chapter 11 Plan to specifically incorporate the two

aforementioned agreements.

This case has been tumultuous from the start and included not only vigorous disputes

between the Debtor and its creditors, but also a family dispute between the Debtor's members.

The agreements embodied in Debtor's Rule 9019 motion resolved all disputes between the

2

Debtor and its creditors and appeared to pave the way to confirmation of the Debtor's Second Amended Chapter 11 Plan. The only remaining objection to confirmation was that of Charles W. Hinesley, Jr.

Before the Court had an opportunity to consider approval of Debtor's agreement with West Jordan, it began to crumble. Pursuant to the proposed Settlement Agreement and Release between the Debtor and West Jordan, the Debtor was going to sell West Jordan a tract of real property and the parties were going to release claims against each other. The Settlement Agreement and Release provides in paragraph 2 that Debtor was to convey unencumbered property to West Jordan. The first crack in the settlement appeared on October 4, 2011, when counsel for West Jordan advised that a preliminary title report disclosed an unreported park easement on the subject property. The parties scrambled at that time to hold the agreement together, with the Debtor agreeing to reduce the purchase price of the property by $22,500 to account for the undisclosed easement.

The entire foundation of the settlement was then compromised on October 11, 2011, when counsel for West Jordan learned of the State of Montana, Department of Environmental Quality's August 27, 2010, Notice of Violation and Administrative Compliance Order which disclosed that what West Jordan thought was a pond, was in fact an opencut mining operation. West Jordan was not aware of the opencut mining operation prior to October 11, 2011. The Debtor never once disclosed the Notice of Violation and Administrative Compliance Order or any potential claim by the Department of Environmental Quality in its schedules, monthly operating reports or other pleadings. In light of the undisclosed easement and environmental issue, counsel for West Jordan indicated in no uncertain terms West Jordan's intent to withdraw

3

from the settlement agreement.  West Jordan instead joined in Charles W. Hinesley, Jr.'s request

to convert this case to Chapter 7 of the Bankruptcy Code.

APPLICABLE LAW and DISCUSSION

      I.      Debtor's 9019 Motion.

Debtor's settlement agreements with West Jordan, LLC, GCL Investments, LLC,

L.A.S.T., LLC and Larry Cramer are the cornerstones of Debtor's Second Amended Chapter 11

Plan.  Without approval of those agreements, Debtor's Second Amended Chapter 11 Plan is not

confirmable.  This Court's approval of the settlement agreements and confirmation of a Chapter

11 plan are conditions precedent in each of the settlement agreements.  In addition, each of the

settlement agreements is contingent upon approval of the other settlement agreement.  By their

own terms, the stipulations and agreements are not binding or effective until approved.  Prior to

approval of its agreement, West Jordan expressed its unwillingness to go forward.  West Jordan's

unwillingness to proceed forward is justified.  Thus, the Court declines to approve Debtor's

settlement agreements with West Jordan, LLC, GCL Investments, LLC, L.A.S.T., LLC and Larry

Cramer.

      II.      Confirmation.

All parties agree that Debtor is not able to proceed forward with its Second Amended

Chapter 11 Plan absent approval of the settlement agreements with West Jordan, LLC, GCL

Investments, LLC, L.A.S.T., LLC and Larry Cramer.  Confirmation of Debtor's Second

Amended Chapter 11 Plan is thus denied.  Debtor's counsel asked that the Court instead consider

Debtor's Amended Chapter 11 Plan filed February 7, 2011.  Debtor's Amended Chapter 11 Plan

was not before the Court for confirmation and the Court declines to consider a plan that was

4

superseded by the Second Amended Chapter 11 Plan filed July 14, 2011.

III.     Conversion.

Conversion or dismissal is provided for at § 1112(b), which sets forth a nonexclusive list of factors that warrant conversion of dismissal.  *In re Shockley*, 15 Mont. B.R. 114, 116 (Bankr. D. Mont. 1996); *In re Mechanical Maintenance, Inc.*, 128 B.R. 382 (Bankr. E.D. Pa. 1991). Formerly the analysis involved a two-step process, first to determine whether cause exists to dismiss or convert, and second whether dismissal is in the best interests of creditors and the estate.  *In re BTS, Inc.*, 247 B.R. 301, 308-09 (Bankr. N.D. Okla. 2000) (*quoting In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994)); *In re Shockley*, 15 Mont. B.R. at 117 (*quoting Superior Siding*).  Section 1112(b) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8 Stat. 23 § 442 (Apr. 20, 2005) and now provides:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections to not apply, within a reasonable period of time; and
>
> (B) the grounds for granting such relief include an act or omission

5

of the debtor other than under paragraph (4)(A) –

      (i) for which there exists a reasonable justification
for the act or omission; and
(ii) that will be cured within a reasonable period of
time fixed by the court.

     (3) The Court shall commence the hearing on a motion under this
subsection not later than 30 days after filing of the motion, and shall decide the
motion not later than 15 days after commencement of such hearing, unless the
movant expressly consents to a continuance for a specific period of time or
compelling circumstances prevent the court from meeting the time limits
established by this paragraph.

     (4) For purposes of this subsection, the term 'cause; includes –
(A) substantial or continuing loss to or diminution of the
estate and the absence of a reasonable likelihood of
rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a
risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially
harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or
reporting requirement established by this title or by any rule
applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened
under section 341(a) or an examination ordered under rule
2004 of the Federal Rules of Bankruptcy Procedure without
good cause shown by the debtor;
(H) failure timely to provide information or attend meetings
reasonably requested by the United States trustee (or the
bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the
order for relief or to file tax returns due after the date of the
order for relief;
(J) failure to file a disclosure statement, or to file or
confirm a plan, within the time fixed by this title or by
order of the court;
(K) failure to pay any fees or charges required under
chapter 123 of title 28;
(L) revocation of an order of confirmation under section

> 1144;
> (M) inability to effectuate substantial consummation of a
> confirmed plan;
> (N) material default by the debtor with respect to a
> confirmed plan;
> (O) termination of a confirmed plan by reason of the
> occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support
> obligation that first becomes payable after the date of the
> filing of the petition.

This Court's discretion with respect to conversion or dismissal was circumscribed

following enactment of BAPCPA.  As explained in 7 COLLIER ON BANKRUPTCY, ¶ 1112.04[3]

(15th ed. rev.):

> As amended in 2005, section 1112(b) provides further direction in
> guiding the court's discretion. To begin with, section 1112(b)(1) directs that the
> court must convert or dismiss the case if the movant establishes cause unless the
> court determines that unusual circumstances exist and the court enumerates the
> circumstances. Although section 1112(b) does not define the phrase "unusual
> circumstances," it clearly contemplates conditions that are not common in most
> chapter 11 cases. Although each chapter 11 case is to some extent unique, and
> unusual circumstances may exist in any particular case regardless of its size or
> complexity, the import of section 1112(b) is that, if cause exists, the case should
> be converted or dismissed unless unusual facts or circumstances demonstrate
> that the purposes of chapter 11 would be better served by maintaining the case
> as a chapter 11 proceeding.

> In addition, section 1112(b)(1) directs that the court must convert or
> dismiss the case for cause unless the appointment of a chapter 11 trustee would
> be in the best interests of creditors and the estate. Under section 1104(a)(3), the
> court is directed to appoint a trustee if cause exists to convert or dismiss a
> chapter 11 case and doing so would be in the best interests of creditors and the
> estate. Notably, when sections 1104(a)(3) and 1112(b) are read together, it
> seems clear that the court *must* appoint a chapter 11 trustee rather than convert
> or dismiss the case if section 1104(a)(3) applies. Neither section 1104(a)(3) nor
> 1112(b) defines what constitutes the "best interests of creditors and the estate."
> This phrase, however, has long been used in section 1112 and courts have
> considered a number of factors in applying it.

Finally, section 1112(b)(2) creates an exception to section 1112(b)(1) by directing that, absent unusual circumstances, the court must *not* convert or dismiss the case if (1) there is a reasonable likelihood that a plan will be confirmed within the time frames specified in subsection 1112(b)(2), (2) the grounds for converting or dismissing the case include an act or omission by the debtor other than substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation and (3) there exists a reasonable justification for the act or omission, and the act or omission will be cured within a reasonable time fixed by the court. In establishing the time frames for confirmation of a plan, section 1112(b)(2) refers to sections 1121(e) and 1129(e), providing deadlines for the filing and confirmation of plans in small business cases. If the case is not a small business case, the time frame is designated as "a reasonable period of time." If the movant establishes cause to convert or dismiss the case for substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, then section 1112(b)(2) does not apply. If the movant demonstrates cause to convert or dismiss the case for a reason other than substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, then the court must consider whether there exists a reasonable justification for the act or omission constituting cause for conversion and dismissal, as well as whether the act or omission can be cured within a reasonable time fixed by the court. Yet if cause for conversion or dismissal exists because the debtor filed its chapter 11 case in bad faith, then section 1112(b)(2) would not apply because, by determining that the debtor filed the case in bad faith, the court would foreclose a reasonable justification for the filing. In addition, a bad faith determination would likely constitute "unusual circumstances" demonstrating that section 1112(b)(2) should not be applied. If the court declines to apply section 1112(b)(2) on the basis of the existence of unusual circumstances, the court must enumerate those circumstances.

The determination under § 1112(b) rests with the sound discretion of the court. *Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806-07 (9th Cir. 2001); *In re Henson*, 289 B.R. 741, 752-53 (Bankr. N.D. Cal. 2003); *In re Shockley*, 15 Mont. B.R. at 116; *In re BTS, Inc.*, 247 B.R. at 309. The initial burden of proof is on the moving party. *In re BTS, Inc.*, 247 B.R. at 303.

This Court has heard repeated allegations of Charles Hinesley, Sr.'s gross mismanagement of the Debtor's financial affairs. The Court has also heard Charles Hinesley,

8

Sr.'s denial of such allegations.  Whether true or not, the majority of the allegations relate to pre-petition activities.  At this juncture, the Court's focus in on post-petition activities.

However, the Court has also had the opportunity to observe Charles Hinesley, Sr. on the witness stand eagerly answering questions posed by Debtor's counsel.  In contrast, during cross-examination, Charles Hinesley, Sr. is often confused, evasive and unable to answer the questions posed.  The Court has attempted to overlook Charles Hinesley, Sr.'s self-serving demeanor on the witness stand, instead electing to grant Charles Hinesley, Sr. and the Debtor some leniency because it was clearly evident that proceeding forward, particularly given the proposed settlement agreements with West Jordan and GCL, was probably in the best interest of all parties, including Charles Hinesley, Jr.  The agreements with West Jordan and GCL Investments have, unfortunately, fallen by the wayside and at this time, Debtor has no viable Chapter 11 plan before the Court, even though this case has been pending for well over a year.

The Court now has before it two previously undisclosed facts that impact Debtor's ability to move forward.  The first is the undisclosed easement on Debtor's property which, contrary to what Charles Hinesley, Sr. might believe, impacts Debtor's property and its value.  The second is Debtor's failure to disclose a dispute that has been ongoing with the Department of Environmental Quality since at least July 26, 2006, when the Department of Environmental Quality received an incomplete permit from the Debtor to operate what is referred to in the Notice of Violation and Administrative Compliance Order as the Laurel Glen Subdivision Pit.

This Court has afforded the Debtor every opportunity possible to proceed forward with this case, including granting every extension of time requested.  However, the time has come for

9

this case to move forward.  The Court is not willing to grant any additional requests for time.

The Court sees no reason to add any additional administrative burden by appointing a Chapter 11

Trustee.  Rather, it is clear that appointment of a Chapter 7 Trustee to investigate and gather

Debtor's assets is in the best interest of creditors.  Therefore, in accordance with the Court's oral

ruling made in open Court on October 11, 2011, Charles W. Hinesley, Jr.'s Second Motion to

Appoint Case Trustee is denied and West Jordan, LLC and GCL Investments, LLC's Motion to

Convert to Chapter 7, is granted and the Court will enter a separate order converting this case to

Chapter 7 of the Bankruptcy Code.

       IV.     Estimation of Claims.

       Debtor has filed motions to estimate the claims of West Jordan and GCL Investments.

Given conversion of the case to Chapter 7, the Court deems it appropriate to deny said motions at

this time with leave of the Debtor or the Chapter 7 Trustee to renew the requests to estimate

claims at a later date, if necessary for some administrative purpose.

       In accordance with the foregoing, and for the reasons articulated at the hearings held May

18, 2011, October 4, 2011, and October 12, 2011, the Court will enter a separate order providing

as follows:

       IT IS ORDERED that confirmation of Debtor's Second Amended Chapter 11 Plan filed

July 14, 2011, at docket entry no. 338 is DENIED.

       IT IS FURTHER ORDERED that Debtor's Motion for Order Pursuant to Bankruptcy

Rule 9019 filed July 13, 2011, at docket entry no. 336 is DENIED.

       IT IS FURTHER ORDERED that West Jordan, LLC and GCL Investments, LLC's

Motion to Convert to Chapter 7 filed April 12, 2011, is GRANTED; and this case is converted to Chapter 7 of the Bankruptcy Code.

IT IS FURTHER ORDERED that Charles W. Hinesley, Jr.'s Second Motion to Appoint Case Trustee filed August 2, 2011, is DENIED.

IT IS FURTHER ORDERED that Debtor's Motion for Estimation of Claim of GCL Investments, LLC filed April 8, 2011, at docket entry no. 238 and Debtor's Estimation of Claim of West Jordan, LLC filed April 8, 2011, at docket entry no. 239 are DENIED without prejudice.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

11