## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**HINESLEY FAMILY LIMITED PARTNERSHIP NO. 1**,

          Debtor.

Case No.  **10-61822-7**

## MEMORANDUM of DECISION

At Butte in said District this 7ᵗʰ day of August, 2013.

In this Chapter 7 bankruptcy, the Trustee filed on June 20, 2013, an Objection to Proof of Claim No. 2 filed by Charles W. Hinesley, Jr.  In a Stipulation filed and approved on July 23, 2013, the Trustee and counsel for Charles W. Hinesley, Jr. ("Hinesley") agreed to submit the matter to the Court on agreed facts and simultaneous briefs.  The parties agree to the following facts:

1.  The Debtor filed a Chapter 11 Bankruptcy Petition on July 27, 2010.

2.  Hinesley filed his Amended Proof of Claim No. 2-2 on October 29, 2010, in the amount of $2,115,613.00.  In said claim Hinesley indicated that $11,725.00 of the claim was a wage claim entitled to priority status under 11 U.S.C. § 507(a)(4).

3.  An objection to Claim Number 2-2 was filed by Debtor on March 24, 2011 (Doc# 206), and the Court held a hearing on the objection on June 13, 2011.  On June 21, 2011, the

1

Court set forth its decision on the objection in its Memorandum of Decision dated June 21, 2011 (Doc# 309), and issued its Order (Doc# 310) stating that Proof of Claim No. 2 filed by Hinesley was allowed as an unsecured, nonpriority claim in the amount of $92,200.00.

    4.  The case was converted to a Chapter 7 on December 12, 2011.

    5.  On January 25, 2012, Hinesley filed Amended Claim No. 2-3, asserting a $92,200.00 claim with $11,725.00 of the claim entitled to priority as a wage claim under §507(a)(4).

    6.  Trustee filed an objection (Doc# 871) to Hinesley's Proof of Claim No. 2-3 contending that the priority wage claim portion of Proof of Claim No. 2-3 in the amount of $11,725.00 should be disallowed and the claim allowed as an unsecured, nonpriority claim in the amount of $92,200.00, based on the Court's June 21, 2011, Memorandum of Decision and Order. In the alternative, the Trustee requested that should the Court rule that the priority wage claim portion of the claim is proper that the Court adopt the arbitration Order of June 29, 2010, which provides that payment of the wage claim shall be without interest and without any withholding or deductions  (Exh. 1, Arbitrator's Award, June 29, 2010).

    7.  Hinesley timely filed his response to Trustee's objection (Doc# 874) and contends that pursuant to 11 U.S.C. §507(a)(4), at least $11,725 of the claim is entitled to priority as a wage claim owed for unpaid wages for the time period 180 days prior to the bankruptcy filing, based on the June 29, 2010, Arbitrator's Award.

    Additional facts are set forth in the Court's Memorandum of Decision entered June 21, 2011, at docket entry no. 318.  The applicable law regarding objections to claims is also set forth in that same June 21, 2011, Memorandum of Decision and need not be restated here.

As noted above, the Trustee contends that his objection to Hinesley's amended Proof of Claim should be sustained under the principal of res judicata. Hinesley does not address the Trustee's res judicata claim in either his Response to the Trustee's objection filed July 1, 2013, or his Brief filed July 31, 2013. Hinesley's sole argument in opposition is that $11,725 of Hinesley's claim is for wages, and that pursuant to 11 U.S.C. § 507(a)(4), a priority attaches to lost wages earned within 180 days before the filing date of the petition.

### APPLICABLE LAW and DISCUSSION

With regard to the Trustee' res judicata claim, when addressing the preclusive effect of a federal court judgment, federal courts must apply federal law. *Sullivan v. First Affil. Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir.1987) (citing *Limbach v. Hooven & Allison Co.*, 466 U.S. 353, 361-62, 104 S.Ct. 1837, 80 L.Ed.2d 356 (1984)). "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Steward v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001)). Such principal recognizes that cases litigated to conclusion are entitled to finality. Claim preclusion applies when there exists between two separate cases "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.*; *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189 (9th Cir. 1997). Where applicable, claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980).

The circumstances of this case satisfy the three elements of claim preclusion under Federal law. The Court entered its Memorandum of Decision and separate Order on June 21,

2011, and that decision is final.  In addition, while the Debtor filed the prior objection to

Hinesley's claim, the Trustee has stepped into the Debtor's shoes.  No dispute exists that

Hinesley was a party to both the Debtor's prior objection to claim and to the Trustee's instant

Objection to Claim, and Hinesley fully defended Debtor's prior objection.  The Court finds

privity among the parties.  Under the last and final element, identity of claims, federal courts ask:

> (1) whether rights or interests established in the prior judgment would be
> destroyed or impaired by prosecution of the second action; (2) whether
> substantially the same evidence is presented in the two actions; (3) whether the
> two suits involve infringement of the same right; and (4) whether the two suits
> arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  The answer to the

above questions is yes, and thus, the Court finds that the Trustee's Objection to Claim can be

sustained on grounds of claim preclusion.

However, for purposes of completeness, even if claim preclusion did not apply, which it

does, the Trustee's Objection could be sustained on the merits.  As explained in the June 21,

2011, Memorandum of Decision, Hinesley's employment with Debtor was terminated on

September 9, 2009.  However, on June 29, 2010, an arbitrator ordered Debtor to pay Hinesley

$38,200 because the arbitrator found that Debtor had violated a December 31, 2008, order which

provided that Debtor could hire any of its partners as employees provided Hinesley "be offered

employment with [Debtor] for salary and other benefits offered to his brother, Morgan

Hinesley[.]" Debtor was ordered to pay Hinesley $38,200 on June 29, 2010, because Morgan had

continued to receive $6,000 per month, which the arbitrator determined was pay, even though

Hinesley's father and brother had argued that such monthly payments were gifts from the father,

Charles W. Hinesley, Sr., to the brother, Morgan.  Hinesley filed his amended Proof of Claim on

October 29, 2010, asserting he was owed not only the $38,200, as referenced above, but also an additional $54,000 for the nine months subsequent because Morgan had continued to work for Debtor and receive $6,000 per month in pay, while Hinesley was neither working for Debtor nor receiving any pay from Debtor.

As explained in 4 COLLIER ON BANKRUPTCY, ¶ 307.06[3][a] (16th ed.), "[a]n employee seeking a priority for wages or salary must be a direct employee of the debtor and have a direct claim against the debtor arising from such employment.  In determining whether an individual is an employee of the debtor, the court should look to state law."  While Hinesley has a claim against the Debtor under the arbitrator's orders of December 31, 2008, and June 29, 2010, Hinesley's employment with Debtor was terminated on September 9, 2009.  On that date, Hinesley's employment, as that term is defined in Mont. Code Ann. ("MCA") § 39-2-101, ended.  Indeed, after that date, any amounts owed to Hinesley would not qualify as a wage claim under the Montana Wage Protection Act, Title 39, Chapter 3.  Specifically, § 39-3-204(1) provides:

> (1) Except as provided in subsections (2) and (3), every employer of labor in the state of Montana shall pay to each employee the wages earned by the employee in lawful money of the United States or checks on banks convertible into cash on demand at the full face value of the checks, and a person for whom labor has been performed may not withhold from any employee any wages earned or unpaid for a longer period than 10 business days after the wages are due and payable, except as provided in 39-3-205. However, reasonable deductions may be made for board, room, and other incidentals supplied by the employer, whenever the deductions are a part of the conditions of employment, or as otherwise provided for by law.

In *West v. Club at Spanish Peaks, LLC*, 2008 MT 183, ¶ 90, 343 Mont. 434, 186 P.3d 1228, the Montana Supreme Court held that § 39-3-204 only applied to a person who was "actually working for an employer, not former employers."

In addition, Hinesley would not have a claim under § 39-3-205, MCA, which reads in relevant part:

> (1) Except as provided in subsection (2) or (3), when an employee separates from the employ of any employer, all the unpaid wages of the employee are due and payable on the next regular payday for the pay period during which the employee was separated from employment or 15 days from the date of separation from employment, whichever occurs first, either through the regular pay channels or by mail if requested by the employee.

In *Delaware v. K–Decorators, Inc.*, 1999 MT 13, ¶ 39, 293 Mont. 97, 973 P.2d 818, the Supreme Court of Montana held that "[s]ection 39-3-205(1), MCA . . . only provides a rule regarding the payment of wages which are due to an employee on his or her last day of employment.  It does not provide a rule regarding wages which become due after the employee's last day of employment."

In sum, Hinesley's claim for lost wages of $92,200, stems not from monies earned while he was employed by the Debtor, but rather, stem from the arbitrator's conclusion that until all matters were resolved, Hinesley should receive whatever his brother Morgan received, even though Hinesley was no longer employed by the Debtor.  Hinesley's claim for lost wages is simply not a priority claim under 11 U.S.C. § 507(a)(4).  The purpose of § 507(a)(4) "is to alleviate hardship on workers who lose their jobs or part of their salary by bankruptcy."  4 COLLIER ON BANKRUPTCY, ¶ 507.06[1].

For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Trustee's Objection to Proof of Claim No. 2-3 filed by Charles Hinesley, Jr. on January 25, 2012, is SUSTAINED; and as the Court held in its June 21, 2011,

6

Memorandum of Decision and Order, Charles Hinesley, Jr. shall be allowed an unsecured,

nonpriority claim in the amount of $92,200.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana